## William R. Hamilton
v.
## Ira R. Harvey.

*Master and Servant—Services Rendered—Recovery for—Real Estate Broker—Ordinance as to, Secs. 1 and 3—Licenses.*

In an action to recover compensation for services rendered in the city of Chicago in negotiating a lease, this court holds that the acts in question are not within the municipal ordinance touching the necessity for real estate brokers to be licensed.

[Opinion filed September 11, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Rollin S. Williamson, Judge, presiding.

Messrs. Miller, Leman & Chase, for appellant.
We contend :

1.    That the sole purpose of the ordinance in question is to get revenue, and that it does not assume to reach or affect the validity of contracts made by an unlicensed broker; and that such contracts are not affected thereby, or against any public policy, or void, but are valid; and that the cases where contracts of an unlicensed person are held void are where the purpose of the license law is something beyond getting revenue from the license fee, *e. g.*, the protection of the public interests or to carry out a public policy.   Smith v. Mawhood, 14 M. & W. 452; Johnson v. Hudson, 11 East (K. B.), 180; Brown v. Duncan, 10 B. & C. 93; Bailey v. Harris, 12 Q. B. 905; Cope v. Rowland, 2 M. & W. 149; Tyler v. Larimore, 2 W. R. 179; Aiken v. Blaisdell, 41 Vt. 655; Griffith v. Wells, 3 Denio, 226; Larned v. Andrews, 106 Mass. 435; Pope v. Beals, 108 Mass. 562; Taliaferro v. Moffett, 54 Ga. 150, 153; Lindsay v. Rutherford, 17 B. Mon. 245; Strong v. Darling, 9 Ohio R. 201; Pangborn v. Westlake, 36 Iowa, 546.

2.    That this contract in question in itself—in its consider-

ation and matter to be performed—is not forbidden by law, but is legal and unobjectionable; and that it does not provide for, or in itself contemplate, a violation of the ordinance. And the fact that the plaintiff has violated the ordinance in something to be done on his part, does not taint the contract with illegality or prevent him from recovering for a breach of it. Wetherell v. Jones, 3 B. & Ad. 221; Story on Contracts, Sec. —.

3. That the common council of the city of Chicago has no power to pass an ordinance having the effect claimed by appellee for this one, or to prohibit the business of real estate brokerage, or to make the contracts of an unlicensed real estate dealer illegal. That a municipal corporation has no powers except such as are expressly given by the statute, or necessarily implied in or incident to the powers expressly granted. 1 Dillon, Mun. Cor., Sec. 89; Schott v. People, 89 Ill. 195; Cook Co. v. McCrea, 93 Ill. 236. That the statute giving municipal corporations the power to tax and license brokers does not expressly or by fair implication authorize them to make their business or contracts unlawful if license is not taken out. Rev. Stat., Chap. 24, Art. V, Sec. 63, clause 91; 1 Starr & C., 473. That this provision of the statute authorizes such a license ordinance as may affect the *person* of the broker and not his *business* or *contracts;* and that the ordinances in question affect only the *person* of the broker, making him subject to the penalty if it is violated, but does not affect the *business* or *contracts* of the broker. That under the ordinance no qualifications are required, and any person who desires to carry on the business of a real estate broker is entitled to the license on payment of the license fee, and the ordinance does not seek to regulate the business; and that there is no public policy violated by the contracts or business of a real estate broker who carries on his business in the city of Chicago without having taken out the license required by the ordinance.

4. That the question of the violation of the ordinance and its effects is solely a question between the city of Chicago and the broker who violates it; and that a person dealing with

such broker has no concern therein nor any right to raise the question in a suit upon the contract between himself and the broker.

5. That such ordinance is penal, and is to be construed strictly. And that the transaction in question in the case at bar —negotiating a lease—does not come within the definition of a real estate broker contained in the ordinance. And that, therefore, has no application to this case.

6. That the Circuit Court on the evidence should have held plaintiff entitled to recover. And on defendant's motion to take the case from the jury and to instruct the jury to find for the defendant, the court should have directed judgment for plaintiff as on a demurrer to the evidence.

Mr. JAMES FRAKE, for appellee.

Whatever other courts may have held, the Supreme Court of this State has decided that, " When the Legislature prohibits an act or declares that it shall be unlawful to perform it, every rule of interpretation must say that the Legislature intended to interpose its power to prevent the act, and, as one of the means of its prevention, that the courts shall hold it void. This is as manifest as if the statute had declared that it should be void. To hold otherwise would be to give the person or corporation the same right in enforcing prohibited contracts as the good citizen who respects and conforms to the law." Cincinnati Mut. Health Assurance Co. v. Rosenthal, 55 Ill. 85 (at 91).

This is likewise true of an ordinance of a town or city. In Mason v. Shawneetown, 77 Ill. 537, the court says: " When an incorporated town or city has been vested with a power to pass ordinances by the Legislature for the government or welfare of the muncipality, an ordinance enacted by the legislative branch of the corporation, in pursuance of the act creating the corporation, has the same force and effect as a law passed by the Legislature, and can not be regarded otherwise than as a law of and within the corporation."

To the same effect are Wright v. C. & N. R. R., 7 Ill. App.

438 ; Hopkins v. Mayor of Swansea, 4 M. & M. at page 640; Heland v. City of Lowell, 3 Gray, 408.

The power of the city to pass this very ordinance has been upheld in Braun et al. v. City of Chicago, 110 Ill. 186.

Many of the cases decided by our Supreme Court on this question were fully reviewed and approved in the elaborate opinion in the case of Penn v. Bornman, 102 Ill. 532. (See authorities there cited.)

The same doctrine was again re-affirmed in Banking Co. v. Ratenberg, 103 Ill. 460.

Our State is not alone in holding that where a statute or ordinance enacts a penalty for carrying on a particular business without a license, no action can be maintained on a contract made by one who violates the statute or ordinance. Bensley v. Bignold, 7 Eng. Com. Law, 188; Downing v. Ringer, 7 Mo. 585; Ætna Ins. Co. v. Harvey, 11 Wis. 412; Williams v. Cheney, 3 Gray, 222; Jones v. Smith, 3 Gray, 500; Wood v. Armstrong, 54 Ala. 150; Dillon v. Allen, 46 Iowa, 299; Ingersoll v. Randall, 14 Minn. 400; Ferdon v. Cunningham, 20 How. Pr. (N. Y.) 154; Best v. Bander, 29 Id. 489.

In many of the above cases the same point was urged as is urged in this case—that the object of the ordinance was to raise revenue and did not invalidate contracts.

In the case of Johnson v. Hulings, 103 Pa. St. 498, the court say, p. 509:

"The result follows that Johnson, in the transaction in hand, stands in the position of a real estate broker who seeks to enforce a contract which, under the statute, he had no right to make, and by the making of which he subjected himself to the penalty imposed by the statute. But a contract such as this, opposed as it is alike to good morals and public policy, can not be enforced. That has been ruled times without number."

GARY, J.    The appellant seeks to recover from the appellee compensation for services rendered in the city of Chicago, in negotiating a lease for the appellee.

The appellant had no license as a real estate broker, as pro-

vided by the ordinance copied in Hustis v. Pickands, 27 Ill. App. 270, and the Circuit Court ruled, intending, no doubt, to follow that c:se, that he could not recover.

It is not necessary to review that decision now, though an elaborate argument is made against it, as the definition which Sec. 3 of the ordinance makes of a real estate broker, excludes the kind of service for which appellant claims pay.

If the ordinance had not defined the business, but left the meaning of the words, "real estate broker," open, then the appellant might have been within them as "one who is engaged for others in negotiating contracts relative to property with the custody of which they have no concern." Braun v. Chicago, 110 Ill. 186. But the common council must have known that many persons are agents for owners, resident and non-resident; have the care of property, see to repairs, pay taxes, rent and collect the rents, and that all this might be with or without connection with the kinds of business mentioned in Sec. 3 of the ordinance. Consolidating, so far as affects the question here, Secs. 1 and 3, the effect is: "It shall not be lawful for any person to exercise within the city the business of * * * selling of or negotiating sales of real estate be'onging to others * * * without a license."

An argument might be spun, that the creation of an estate for years carved out of the fee, is the sale of such interest for the price of the rent to be paid, but it would be repugnant to the common understanding.

Holding that the ordinance has no application to the matter in controversy, the judgment is erroneous, and must be reversed and the cause remanded.

*Reversed and remanded.*